CLARENCE ELLISON V. STATE.

No. 24641. February 15, 1950.
Rehearing Denied March 22, 1950.

*Burks & McNeil, Lubbock,* for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged as a second offender of a violation of the liquor laws of Lubbock County, and upon his conviction was assessed a penalty of a fine of $1,000.00 and six months' confinement in jail, and he appeals.

The testimony shows that certain peace officers, in possesison of a search warrant, entered Cabin No. 10 at Camp Dixie or Dixie Courts, in Lubbock County, to search for intoxicating liquors. They knocked on the door of such cabin and appellant appeared thereat. They served the search warrant and engaged him in conversation while searching the cabin. They found therein twenty-two 12-ounce cans of beer in the shower. They then searched the automobile mentioned in the search warrant and found twenty-one cases of beer in the turtle-back thereof, the car being parked about six feet from the front of the cabin and appellant producing the key thereto. While this search was going on, appellant told the officers that his car had broken down about four o'clock in the afternoon and he had caused it to be pulled into or near the cabin. When asked what he was going to do with this beer, he told an officer that he had brought it to the American Legion, and when questioned as to what Legion Post he said that he had brought it up for a party that they were going to throw on the farm, he and some other fellows. There was no denial of such testimony, and we have stated a sufficient amount thereof in order to understand the appellant's contention herein.

Appellant was charged in the complaint with the above-outlined offense, as well as the further allegation that he had previously been convicted of a like offense. The verdict of the jury merely stated that "we, the jury, find the defendant guilty, and assess his punishment at a fine of $1000.00 and confinement in the county jail for a period of six months."

Appellant relies upon the line of cases which hold that where an accused is charged with an offense that can be broken down into degrees, it is necessary for the jury to find, and the verdict

to show, of what degree of such offense they so found. We are cited to many cases which hold that where an offense is capable of being found in more than one degree, the verdict should designate of which degree thereof the accused is convicted. We quote from 42 Tex. Jur. p. 470, sec. 368, as follows:

"Where an indictment or information contains but one count charging a single offense a general verdict of 'guilty' or 'guilty as charged' is sufficient, unless the offense is divided into degrees and the case is one in which the verdict must also specify the degree on which a conviction is based.

"The verdict need not specifically name the offense except in those circumstances when it would otherwise be uncertain."

We are cited to the case of Cagle v. State, 147 Tex. Cr. R. 140, 179 S. W. (2d) 545, which, in our opinion, is not in point herein. In that case the indictment contained two counts, the first charging a present felony; the second count thereof charging a previous conviction of a felony of like character. The jury found a verdict of guilt of the second count and said nothing relative to the charge on the instant felony. In other words, they merely found the accused guilty of the older felony which was attempted to be used only for the purpose of the enhancement of the penalty. Obviously, the jury failed to pass on a material matter in such cause.

We think the doctrine laid down in the case of Sigler v. State, 143 Tex. Cr. R. 220, 157 S. W. (2d) 903, supports the state's position herein. We quote from that case as follows:

"24 Corpus Juris Secundum, Criminal Law, Sec. 1958, p. 1143, says: 'However, statutes authorizing a more severe penalty to be inflicted on one who is a persistent offender do not create an offense, nor inflict additional punishment for the prior offense, nor do they authorize a conviction on a charge of being an habitual criminal; they merely prescribe punishment for the subsequent offense which is to be more severe, because the offender's persistence in the perpetration of crime evinces a depravity which merits greater punishment."

The second count or allegation merely relates to an effort to enhance the punishment herein and no more. No facts relative to such prior convictions were gone into, and no weight was given relative to the same, except in the event of a conviction for the present charge; and then there could only be taken into consideration appellant's persistency as evidenced

by his having been convicted of such prior alleged transaction of a similar offense, which is controlled by the judgment therein.

Appellant seems to fear that in the event of a further charge against him for a violation of like character, that such anticipated pleadings might contain the previous allegation of this presently used prior violation. An answer thereto seems to be that such anticipated accusation has not yet arisen, it not being shown herein that the matter relied upon for an enhancement herein will ever be used for such purpose in the future. He can only cross that bridge if it is ever reached.

Appellant again complains because of certain claimed irregularities relative to the date of the alleged offense in the prior conviction. Such complaint may have had some weight in the trial of the earlier case, but in this trial, the judgment of the court, the kind of offense, and the identity of the accused, are the controlling elements, and the prior conviction cannot be otherwise tried herein.

It is contended that appellant is not identified as the same person who was convicted in the prior case. We think this contention is not borne out by the testimony of Mr. Horton, a deputy sheriff, who testified as follows:

"On the 9th day of December, 1948, I was Deputy Sheriff at that time. On December 9, 1948, I had occasion to see Clarence Ellison. I saw him down on this old Slaton --

"There is a person in the court room that I call Clarence Ellison. I know Clarence Ellison. I see him in the court room. He is sitting behind Mr. Burks there. He is the defendant there.

"I was Deputy Sheriff here. On or about the 9th day of December, 1948, I was Deputy Sheriff. I was Deputy Sheriff here on or about October 9, 1948.

"The instrument that you now hand me is a County Court complaint. My signature is on there. It is dated October 9, 1948. I signed it on October 9, 1948. I complained in there in that complaint against Clarence Ellison. The offense charged was possession of an alcoholic beverage for the purpose of sale, to-wit, Beer. The number of that case that I filed was No. 12578. That is the number of the case in which I filed a complaint against this Defendant. The Defendant, Clarence Ellison, as recited in the complaint I signed and the man that I arrested under the authority of that complaint is the same man that is here sitting at the table today. He is the same man. The man

named Clarence Ellison that I testified that I arrested under the authority of this complaint, in Cause No. 12578, is the same man that is on trial today, Clarence Ellison.

"I saw the Defendant on October the 9th. I saw him over here at our office in the jail.

\*　　　\*　　　\*

"I was not in Court when this case was tried that I refer to."

Appellant further complains because it is contended that when arrested herein, he gave an exculpatory statement to the officers relative to the possession of such beer, and that it, therefore, became the duty of the state to disprove such statement. The facts seem to indicate that appellant gave two reasons why he possessed this beer: the first one being that he had the same for the American Legion, and when questioned further, he later said that he and some others intended to "throw a party." We are in doubt as to which statement is worthy of disproof, if either. Appellant's change of purposes can hardly be called an exculpatory statement, nor would it show a failure to possess such liquor for the purpose of sale. Appellant did not see fit to enlighten the jury as to what his purpose was at this trial nor to whom such beer was being taken; and we do not think the state erred in attempting to dispose of such changing destination for this large quantity of liquor. Appellant had a right to show for what purpose such possession was had, and in the event of a failure to do so, the prima facie presumption prevails of a purpose of sale.

A complaint is also made because in Paragraph 1 of the court's charge an evident clerical error occurred therein when the trial court was charging the jury on the burden of proof; he therein told the jury that the state must prove to their satisfaction beyond a reasonable doubt certain matters relative to the possession of beer, and its purpose, etc., and continued as follows: "and unless the State has *assumed* this burden and proven to your satisfaction, beyond a reasonable doubt, such facts, it will be your duty, as jurors, to resolve that doubt in favor of the defendant and say by your verdict 'not guilty'." Evidently, the word desired to be used was possibly "discharged" but the charge itself is replete with directions to the jury requiring the state to prove its case beyond a reasonable doubt, and instructions to acquit should it fail to do so.

It is further contended that the verdict herein is vague and indefinite and is not responsive to the court's charge because

the same makes no mention of what charge they base such verdict. They do say, "we, the jury, find the defendant guilty, and assess his punishment at a fine of $1000.00, and confinement in the County Jail for a period of six months." This punishment would fall within the period fixed by law either as a first offender, or a second offender, and would be legal under either, and under the doctrine of only one offense being charged; and the prior offense being only a method of determining the punishment, we think such verdict was sufficient.

Finding no error in the record, the judgment will be affirmed.

ON MOTION FOR REHEARING.

WOODLEY, Judge.

We have again examined the record in the light of appellant's motion for rehearing, and remain convinced that the questions discussed were properly disposed of in the original opinion.

The state proved the previous conviction alleged by introducing the information and the judgment on a plea of guilty.

For the purpose of showing that appellant and the person so convicted were one and the same, the deputy sheriff, Horton, was called who testified that he signed the complaint and made the arrest and that appellant was the person charged in said former case.

There was no error in the court's permitting the witness to identify the complaint and to testify as to the case number and the character of offense therein charged. The complaint was not a necessary part of the state's proof of the former conviction. It was used only in connection with the identification of appellant as the person so previously convicted.

Appellant first told the officer that he had brought the beer to the American Legion, and then said that he had "brought it up for a party that they were going to throw on the farm, he and some other fellows." The officer testified that appellant first said that he brought the beer to the Legion and that "then he changed his story to this party out there." Unless appellant's explanation be construed to mean that he did not possess the beer for the purpose of sale, it did not constitute an affirmative defense.

If it be so construed, then such defense was adequately sub-

mitted by the court's instruction to the jury to acquit if the beer was possessed for any purpose save and except the purpose of sale.

The case having been properly disposed of on original submission, the motion for rehearing is overruled.

Opinion approved by the court.