JACK HAROLD TRUSSELL V. STATE

No. 34,340. February 21, 1962

*Joe Burkett,* San Antonio, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 25 days in jail and a fine of $100.

Staff Sergeant R. L. Grissett, called out of the Ali-Hafe bar about 10:30 P.M., found that his parked automobile had been struck from the rear by another automobile. The appellant, who was standing in front of the second car which was damaged in the front, told Sergeant Grissett that he was driving said car, and said: "I hit your car, I had too many, I just had too many drinks this evening, and I just got too close to your car."

Sergeant Grissett, Patrolman Robert Fleming and detective-investigator Barney Sams expressed the opinion that appellant was intoxicated. They described appellant's speech as being slurred and incoherent, testified that he was staggering and had a strong smell of intoxicants on his breath.

Appellant called Joseph Panelli as a witness. He testified that appellant was in his place of business until about 9 P.M. on the night in question, and he was sober. On cross-examination he testified that he served beer at his place of business and that appellant "was drinking a few beers"; that he did not pay much attention to appellant because he was playing dominoes and appellant was playing pool, and testified: "I don't think he drank over five as far as I know, when I was there."

The grounds upon which reversal is sought relate to the testimony of Police Officers Barney Sams and Harold Fiske regarding a drunkometer test taken with appellant's consent, Officer Sams having run the test and Officer Fiske, assigned to the Police Laboratory, having weighed the ascarite tube used

in the test and calculated the blood alcohol content of the person who took the test to be "decimal one seventy-six or decimal one seven", which indicated intoxication.

We see no error in the admission in evidence of a photograph of the appellant which Officer Fleming testified was "a true and fair and accurate representation of the defendant as he appeared on the night you arrested him", over objection that it was not shown when the photograph was taken and how it was taken and by whom.

The picture which the witness testified was a fair and accurate representation of the Harger drunkometer he used in running the test on appellant is not found in the record. The court's ruling in admitting this picture in evidence does not appear to be erroneous.

Appellant contends that Officers Sams and Fiske were not competent to run a proper drunkometer test, and that the court erred in allowing them to testify with reference to such test.

We overruled such contention as to Officer Fiske's qualifications in McGee v. State, No. 34,276.

Officer Sams was shown to have had training in the police laboratory under Lieutenant Morales, whose qualifications were before us in Fluitt v. State, 169 Texas Cr. Rep. 269, 333 S.W. 2d 144, and under Officer Harold Fiske in running the test and sealing the ascarite tube, and the evidence shows that Officer Fiske checked the drunkometer and ascarite tube on April 21 and again on April 24.

Officer Sams appears to have been qualified in the use of the drunkometer. He testified that he was not a chemist and had nothing to do with the results of the test, but knew how to operate the drunkometer. He testified that he sealed the ascarite tube and placed it in a glass vial, and Officer Fiske testified that he received the tube and took it to the laboratory.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.