Joe JIMINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 35150.

Court of Criminal Appeals of Texas.

Jan. 9, 1963.

Rehearing Denied Feb. 20, 1963.

John J. Herrera (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Howell E. Stone, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant was convicted of the offense of rape upon a female under the age of fifteen

years. He entered a plea of guilty, and his punishment was assessed at the minimum penalty, five years' confinement in the State penitentiary.

■ The appellant, by his brief, challenges the sufficiency of the evidence to sustain the conviction. He specifically contends that the State failed to establish by legally competent evidence that the prosecutrix was not the wife of the appellant. The stipulated evidence introduced before the jury shows that the complaining witness said, "I went to a Rock and Roll show with my step-sister, Mary Jesus Jiminez, and her husband, Joe Jiminez." The evidence also shows the prosecutrix was thirteen years of age. The rule applicable has been stated as follows:

"If the female is shown to have been under fourteen years of age when defendant obtained carnal knowledge of her, she could not have been the wife of the defendant, and such proof is sufficient to show that she was not the wife of the defendant." 4 Branch's Ann. P.C., 2d Ed., Sec. 1947, and the cases there cited.

The appellant, being married to the step-sister of the prosecutrix, could not have been the husband of the prosecutrix.

The evidence is amply sufficient, upon the appellant's plea of guilty, to sustain the jury's verdict.

■ The appellant also contends that the prosecutrix's name as charged in the indictment was Gloria Carrillo and that the proof established that the true name of the prosecutrix was Gloria Rodriguez Carrillo, and, therefore, a variance resulted. Article 401, Vernon's Ann.C.C.P., provides that in alleging the name of any person necessary in the indictment other than the defendant, it shall be sufficient to state one or more of the initials of the Christian name and the surname. It is a well known principle of law that the middle name or middle initial is not considered and is of no consequence. Delphino v. State, 11 Tex. App. 30.

The appellant further contends that he entered his plea of guilty out of a sense of fear and representations made to him by his counsel. Counsel representing him on his plea of guilty appears to have been counsel of his own choice.

The record contains a statement of facts of the evidence adduced on the motion for a new trial. Suffice it to say, there was ample evidence before the trial court to find against the appellant upon his contentions.

Finding the evidence sufficient to sustain the verdict, and no reversible error appearing, the judgment is affirmed.