**Willie Lee PETERSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42036.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Kim K. Day, Dallas, by appointment on appeal only, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, James A. Mills, Jr., Camille Elliott, James P. Finstrom and Malcolm Dade, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is felony theft of an automobile; the punishment, 10 years.

After being duly admonished as to the consequences of his plea, appellant entered a plea of guilty before the jury. The evidence offered reflected that appellant was arrested while driving the stolen vehicle within 24 hours after it was taken. When he was stopped he told the officers that the car belonged to a cousin and that he had had it three weeks.

In his first ground of error appellant complains he was deprived of the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution. This complaint is apparently based on the claim that appellant was incarcerated for several months before the appointment of counsel and that his plea of guilty was entered seven days after counsel's appointment without adequate consultation.

We observe that prior to trial appellant and his court appointed counsel executed a written waiver of the ten days' preparation period allowed by Article 26.04, Sec. (b), Vernon's Ann.C.C.P.

It appears from the record that counsel conferred with appellant on at least two occasions prior to trial. At the hearing on the motion for new trial appellant, protesting his innocence, acknowledged that he did not advise the court or his appointed counsel at or during the trial that he desired additional time, nor were there any witnesses he could call to show his innocence. He did state though that if his counsel had conferred with him more frequently he "probably could have got him to pass the case a couple of times until I could have got in touch with this person that stole the car or something." He admitted he did not tell his attorney the name of the person he now claims stole the car. Appellant's trial counsel, no longer representing appellant and testifying under instructions of the court at the said hearing, related that appellant told him he was guilty and never advanced any claim of innocence.

Further, appellant has failed to point out how his incarceration for several months without the aid of counsel resulted in prejudice to him.

■ We have carefully considered the record and do not find appellant's rights were violated as claimed.

Ground of error #1 is overruled.

In his second ground of error appellant complains of the introduction into evidence of his prior conviction for burglary.

Such conviction had been alleged for enhancement of punishment, but that portion of the indictment was abandoned by the State prior to trial. Subsequently at the trial evidence of such conviction was offered in the form of an indictment, judgment, sentence, prison records (including a photograph and fingerprint card) and the testimony of a fingerprint expert.

Appellant contends such evidence was inadmissible in view of his offer to stipulate he was the same person so formerly convicted. His reliance upon Pitcock v. State, Tex.Cr.App., 367 S.W.2d 864, tried under the former Code of Criminal Procedure and involving prior convictions alleged for enhancement, is misplaced.

■ In view of the plea of guilty before the jury the only issue before them was that of punishment. Darden v. State, Tex.Cr.App., 430 S.W.2d 494. The State is authorized under the present Code of Criminal Procedure to show the accused's prior criminal record. Article 37.07, Sec. 3, V.A.C.C.P.1967; Rojas v. State, Tex.Cr. App., 404 S.W.2d 30. It was for this purpose that the prior conviction was offered.

Further, we note that after objection to the introduction of such evidence and the offer to stipulate there was a conference at the bench following which appellant's counsel withdrew his objection.

Ground of error #2 is overruled.

The judgment is affirmed.