**Hamilton BRANCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42109.**

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Oct. 22, 1969.

Joe Kegans, R. Sam Rea (On Appeal Only) Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is felony theft; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., life.

The record reflects that at approximately 2 a. m. on April 4, 1966, Houston police officers Walden and Schiebeck observed an automobile without lights being driven off a used car lot, the A. J. Motor Company. The car was driven away at a high rate of speed running a red light. The officers gave chase and after fifteen blocks recovered the car and apprehended the ap-

pellant shortly after he had abandoned the vehicle.

Testifying in his own behalf, the appellant admitted taking the automobile stating he was thinking of purchasing an automobile and just decided at 2 a. m., after he had been drinking, to "try out" the car in question despite the fact that the motor company was closed.

■ In his first two grounds of error appellant contends the trial court in its charge at the penalty stage of the trial erred in failing to require the jury to find that the second prior conviction alleged for enhancement had become a final conviction prior to the commission of the primary offense before assessing punishment as an habitual criminal. The appellant made no objections to the charge nor presented any special requested charges as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. See Article 37.07, Sec. 3(b), V.A.C.C.P. Nevertheless, appellant claims fundamental error. Regardless of any claimed deficiency in the paragraph of the charge relative to the second prior conviction, we observe that in an additional paragraph the court required the jury to find beyond a reasonable doubt that (referring to the prior convictions) "such convictions occurred as alleged" before assessing the punishment of life.

We find no fundamental error. Grounds of error #1 and #2 are overruled. See Article 39.14, V.A.C.C.P.

In ground of error #3 appellant contends the court erred in submitting the second prior conviction for the purposes of enhancement since the State had failed at either stage of the bifurcated trial to show that such conviction was a final conviction prior to the commission of the primary offense. In grounds of error #6, #7, and #8 the appellant contends the State offered no evidence at the *hearing on punishment* that he was the same person so previously convicted as alleged and that the court erred in submitting the matter

of enhancement to the jury and in accepting the jury's verdict at the conclusion of the hearing on punishment.

In absence of an objection to the court's charge or to the receipt of the jury verdict appellant advances a claim of fundamental error.

Testifying at the guilt stage of the trial, appellant admitted his prior convictions for felony theft (of automobiles) in 1961 and 1963 as alleged and acknowledged he had served time on both. He further testified that at the time of his arrest on April 4, 1966, for instant or primary offense he had been out of prison for 14 months after the release on his 1963 conviction. Still further, a stipulation was entered that the second prior conviction was for an offense committed after the first prior conviction was a final conviction. At the hearing on punishment the State introduced, without objection, certified copies of appellant's prison record reflecting his 1961 and 1963 convictions and including photographs and fingerprints and then rested.

■ Under these circumstances we find no merit in appellant's claims. We specifically reject appellant's claim that evidence offered at the guilt stage of the proceedings cannot be considered in determining the issue or issues to be determined at the penalty stage of the proceedings. In Vessels v. State, Tex.Cr.App., 432 S.W. 2d 108, relied upon by appellant, there was no evidence offered and admitted at the guilt stage of the proceedings which could be looked to in establishing appellant's identity as the person so previously convicted. Even though immaterial, Vessels did not involve prior convictions alleged for enhancement but convictions offered to prove the accused's prior criminal record.

Grounds of error #3, #6, #7 and #8 are overruled.

■ Next appellant contends that the State failed to prove that A. J. Joyce was the owner of the automobile taken as

alleged. A. J. Joyce testified that on April 4, 1966, he had the care, custody and control of the place of business known as A. J. Motor Company in the City of Houston and all the automobiles on the lot; that they were in his possession for the purpose of sale; that the automobile in question which had a value in excess of $50.00 had been on his lot since he had purchased the same from a dentist approximately four months prior to the alleged theft; that he did not give the appellant consent or permission to take the automobile in question. Such evidence clearly disposes of appellant's ground of error #4 which is overruled. See also Article 21.08, V.A.C.C.P.

■ Appellant's fifth ground of error complains of the use of appellant's fingerprints taken in the "hold over tank" during the actual process of trial and introduced, over objection, at the guilt stage of the proceedings to establish they matched the fingerprints lifted from the stolen automobile. The fingerprints appear to have been taken by a deputy sheriff at the request of the assistant district attorney prosecuting the case. Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, has been decided directly contrary to appellant's contention holding that the accused's Fifth Amendment privilege against self incrimination under such circumstances was not violated. See also Washington v. State, Tex.Cr.App., 434 S.W.2d 138 and cases there cited.

Appellant's reliance upon Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, is misplaced. There the United States Supreme Court held that the petitioner's fingerprints taken during a dragnet procedure when petitioner and others were detained, questioned briefly, fingerprinted and released without charge or taken at a subsequent time when there was neither a warrant nor probable cause for his arrest were inadmissible over objection at his trial as being violative of his Fourth and Fourteenth Amendment rights against unreasonable search and seizure. Such holding is not applicable here where there was probable cause for appellant's arrest and the fingerprints were taken long after the return of the indictment.

Ground of error #5 is overruled.

■ In his ninth ground of error appellant claims he was denied the right to the assistance of counsel from the time of his arrest on April 4, 1966, until July 15, 1966, when 17 days after indictment he was first appointed counsel. In the interim appellant contends there was an examining trial on May 2, 1966. The record reflects the date of his arrest and the first appointment of counsel, but the remainder of appellant's claim is supported only by assertions in his appellate brief. If, in fact, he was without counsel at an examining trial we observe that no portion of that hearing was offered at the instant trial, and there is no showing that appellant gave up any rights or claimed defenses enforceable against him at a time when he was not represented by counsel. Cf. Peterson v. State, Tex.Cr.App., 439 S.W.2d 841; Wilhelm v. State, Tex.Cr.App., 426 S.W.2d 850. In this regard appellant's reliance upon Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, is misplaced.

At the time of appellant's trial at which he was convicted he had been represented by either appointed or retained counsel for over two years.

Ground of error #9 is overruled.

It appears that the conviction from which this appeal is prosecuted resulted from the third trial upon the same indictment. Following the first trial appellant's original motion for new trial was granted and following the second trial the court permitted the appellant to withdraw his notice of appeal and granted him a new trial (Article 40.09, Sec. 12, V.A.C.C.P.). It further appears that at the first trial, following a verdict of guilty, the appellant

elected to have the court assess punishment; that the State failed to prove one of the prior convictions alleged and the court assessed his punishment at 10 years as a repeater under the provisions of Article 62, V.A.P.C.

Therefore, appellant lastly contends that upon re-trial he could not have been legally assessed a greater punishment than ten years' confinement in the Texas Department of Corrections even if proper proof of the enhancement allegations were made.

██ Article 63, V.A.P.C., which was utilized in the case at bar for enhancement of punishment does not create a separate offense but merely provides a more severe punishment on proof of the prior convictions alleged. Mullins v. State, Tex.Cr. App., 409 S.W.2d 869; Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W.2d 436; Ellison v. State, 154 Tex.Cr.R. 406, 227 S.W. 2d 545. Further, allegations as to prior convictions do not constitute "counts" in the indictment. Square v. State, 145 Tex. Cr.R. 219, 167 S.W.2d 192; Beck v. State, Tex.Cr.App., 420 S.W.2d 725; Steward v. State, Tex.Cr.App., 422 S.W.2d 733; Baker v. State, Tex.Cr.App., 437 S.W.2d 825 (concurring opinion). And where an habitual criminal conviction is reversed, the prior convictions alleged can be used to support a subsequent prosecution for being an habitual criminal based on a different primary offense. Johnson v. State, 158 Tex.Cr.R. 154, 253 S.W.2d 1006. The same is true where a mistrial is declared. Benedict v. State, 172 Tex.Cr.R. 570, 361 S.W.2d 373. We know of no reason why the same reasoning is not applicable in the case at bar.

██ Only recently in Welcome v. State, Tex.Cr.App., 438 S.W.2d 99, we discussed and applied the general rule that a conviction of a lesser included offense bars a prosecution for the greater offense on a new trial though obtained by the defendant at his instance. Neither Welcome nor Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, relied upon by appellant, involved prior convictions alleged for enhancement. We do not deem them here controlling.

Appellant's ground of error #10 is overruled.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

The appellant now reurges his ground of error No. 10 in that since this court's affirmance of the case, the Supreme Court of the United States decided North Carolin v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (June 23, 1969), which the appellant contends requires a different result in this case.

The appellant was indicted for felony theft enhanced under Article 63, V.A.P.C. At the appellant's first trial the state failed to prove one of the two prior convictions alleged for enhancement, and the appellant was assessed 10 years as a second offender. On November 2, 1966, the court granted a motion for new trial. At the appellant's second trial, he received a life sentence; the jury assessing the punishment. Motions for new trial were filed and withdrawn. The court, however, allowed the appellant to withdraw notice of appeal and granted another new trial. On the third trial the appellant was found guilty of the primary offense by a jury, and the jury in assessing the punishment found that the appellant had previously been twice convicted of a felony less than capital, and assessed his punishment at life imprisonment from which the appellant appealed.

The United States Supreme Court in Simpson v. Rice, the companion case to North Carolina v. Pearce, supra, holds that increased sentences on retrial which are the product of the sentencing judge's retaliatory motives or vindictiveness should not be imposed. In this case Hamilton Branch's increased punishment cannot be the result of a retaliatory motive on the

part of the sentencing judge because here the appellant's punishment, in accordance with his request, was assessed by the jury. The verdict was in compliance with Art. 63, supra.

At the second retrial there was a finding of fact that the appellant had previously been twice convicted of felony offenses while at the original trial the evidence failed to prove one of the prior convictions. Upon the finding at the second retrial that there was sufficient evidence to prove the two prior felony convictions alleged for enhancement, Article 63, V.A.P.C., required that the punishment be assessed at life. Thus, there was additional proof on the second trial which under Art. 63, supra, required a definite punishment of life. Salisbury v. Grimes, 406 F.2d 50 (5th Cir. 1969).

The appellant's ground of error No. 10 is overruled.

The appellant's grounds of error Nos. 3 and 4 have been reconsidered and are overruled.

The appellant's motion for rehearing is overruled.