**John Lewis GIBSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42373.**

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Jan. 28, 1970.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, thirty-five years.

■ If the appellant's first ground of error is properly understood, it is that the indictment charged that appellant acting with one Lavall Bryant committed the robbery, and since the injured party was able to identify only appellant as the participant in the robbery, a variance exists. Hardie v. State, 140 Tex.Cr.R. 368, 144 S.W.2d 571, upon which appellant relies, has no application here. We quote from 2 Branch's Ann. P.C., Second Edition, Section 704, p. 2, as follows:

"An indictment charging two or more defendants with the commission of an offense need not contain an allegation that the 'acted together,' and such allegation, if made, not being descriptive, may be rejected as surplusage."

See also Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319.

He next contends that the court erred in admitting pictures of the robbery scene. We have examined them and do not find them inflammatory even if splotches were blood as appellant contends. No error is shown.

■ We overrule appellant's contention that appellant's identity was not established. The injured party saw him prior and subsequently to being shot and positively identified him. His fingerprints were found at the place he vaulted over the partition and were matched with those taken from him at the jail.

■ We overrule appellant's contention that the injured party was not shown to have been put in fear. Appellant first "got his attention" by shooting him in the arm and then he pointed a pistol at his head.

We find no error in the admission of the fingerprints taken from appellant while he was in jail, Gage v. State, Tex.Cr.R., 387 S.W.2d 679; Harrington v. State, Tex.Cr.R., 424 S.W.2d 237; Branch v. State, Tex. Cr.R., 445 S.W.2d 756.

Finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

■ In his pro se motion for rehearing, the appellant raises for the first time the contention that the trial court erred by giving the appellant a longer sentence on retrial than was assessed at the original trial.

On September 4, 1968, the appellant was tried, found guilty, and sentenced to 25 years. On October 4, 1968 the court granted the appellant's motion for a new trial. At his new trial, the appellant was found guilty, elected in writing for a jury to assess his punishment, and his punishment was assessed by the jury at 35 years.

For reversal, the appellant relies on North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. The United States Supreme Court in Simpson v. Rice, the companion case to North Carolina v. Pearce, supra, holds that increased sentences on retrial which are the product of the sentencing judge's retaliatory motives or vindictiveness should not be imposed. In this case the appellant's increased punishment, in accordance with his request, was assessed by the jury. Branch v. State, Tex.Cr.R., 445 S.W.2d 756. The appellant's ground of error is overruled.

■ Next, the appellant raises in his pro se brief filed in the trial court and in this court, but not ruled on in the original opin-

ion, the contention that his courtroom identification by the complaining witness, Homer Miller, was tainted by a pretrial lineup where the appellant was identified by Miller, and the appellant, who was indigent, was "compelled" to be a participant in the lineup without the assistance or presence of counsel and without an intelligent waiver of the right to counsel.

We have examined the record, and the appellant's contention is not supported. The appellant's ground of error is overruled.

The appellant's remaining ground of error was correctly overruled in the original opinion.

The appellant's motion for a rehearing is overruled.

ONION, Judge (concurring in the result).

I concur in the result reached for I am unable to find any evidence in the record that the jury, at appellant's second trial on November 13, 1968, was even aware that the appellant had been previously tried for the same offense and had secured a new trial at his behest. Neither do I understand appellant to insist that the retrial jury had such knowledge and was motivated thereby in assessing an increased penalty, nor do I understand appellant to aver that there were no new facts to justify the increased punishment. I cannot conclude that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 659 (June 23, 1969), calls for reversal in this particular case. I do not therefore reach the question of the retroactivity of North Carolina v. Pearce, supra.[1] I am not yet ready, however, to join the flat statement of the majority that the principle of Pearce can never have application where the punishment upon retrial is assessed by the jury rather than a judge, though I am aware of the decisions of Spidle v. State (Mo.), 446 S.W.2d 793, and Pinkard v. Henderson (Tenn.Ct.Crim. App.), 6 Cr.L. 2148. This writer did join in the opinion on rehearing in Branch v. State, Tex.Cr.R., 445 S.W.2d 756, but there was considerably more there than the simple fact the defendant had chosen the jury to assess punishment at his retrial.

The Supreme Court in Pearce apparently overlooked and did not discuss Pearce's application to Texas and other jurisdictions where the jury is permitted in many instances to assess punishment. This was indeed regrettable.

It is difficult to believe though that the constitutional rule laid down in Pearce was meant to have application *only* where the assessor of punishment at the retrial is the judge.[2] Certainly, I would need more to convince me than what the majority offers today, even without regard to the effect of today's holding upon a defendant's choice upon retrial of the judge or jury as the assessor of punishment.

For the reason initially stated, however, I concur in the result reached.

1. See Ex Parte Ferrell, Tex.Cr.R., 445 S.W.2d 729, where Pearce was applied retroactively without a discussion of the question.

2. See Judge Galbreath's dissent in Pinkard v. Henderson, supra.