**Gene Everett McKENZIE, Appellant,**

v.

**The STATE of Texas, Appellee.**
**No. 42413.**

Court of Criminal Appeals of Texas.

Dec. 17, 1969.

Rehearing Denied Feb. 25, 1970.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys. Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, life.

The record shows that appellant and two others, armed with pistols, robbed Hiram Williams, the manager of a grocery store, of more than $1,000. The complainant and two other witnesses identified appellant as one of the robbers. The evidence is sufficient to support the conviction.

Appellant testified that he was in Alabama the day of the robbery. The jury chose not to believe him.

Appellant contends that he was denied a speedy trial.

The offense was alleged to have been committed October 13, 1964; the indictment was returned November 3, 1964. The record reflects that two days after the date of the present offense appellant was arrested in Mississippi for a robbery committed there. He was convicted in Mississippi and received a ten year sentence. He was paroled, placed in custody and returned to Dallas some six months before trial. The only motion for a speedy trial was filed June 22, 1968. The record does not show that this motion was ever presented or called to the attention of the trial judge.

Appellant contends that the trial court erred in overruling his motion to dismiss the case filed September 28, 1968, the day of the trial. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, relied upon by appellant, is not controlling. In that case the jury failed to reach a verdict in March of 1964. A mistrial was ordered and the case was continued. In

April, 1965, Klopfer opposed the entry of a nolle prosequi with leave (to reinstate) and the prosecutor asked for, and was granted, a continuance. In August, 1965, a request was made to have the case concluded as soon as possible. Later the trial court, over objection, permitted the State to take a nolle prosequi with leave. The Supreme Court of North Carolina affirmed the action of the trial court and the Supreme Court of the United States reversed.

In the present case the motion for a speedy trial, which was not shown to have been presented or called to the attention of the trial court, was filed three months before the trial.

In Dagley v. State, Tex.Cr.App., 394 S.W.2d 179, the indictment was returned in July, 1960, a new indictment was returned in November, 1962, and the trial resulting in the conviction was had in March, 1963. This Court held that it was not error to refuse to dismiss the indictment on the ground that the right to a speedy trial was violated. See Parker v. State, Tex. Cr.App., 397 S.W.2d 853.

Parson v. State, Tex.Cr.App., 432 S.W. 2d 89, held where the defendant was indicted in June, 1966, placed in jail in August, tried in March, 1967, and he made no request for an earlier trial, he was afforded a speedy trial. See Sanders v. United States, 416 F.2d 194 (5th Cir. 1969).

We conclude that appellant was not denied a speedy trial.

Appellant contends that his fingerprints were taken during the trial without his consent and were used by the State at the penalty stage of the trial in order to prove two prior felony convictions dated November 12, 1964 and March 15, 1965, both for robbery in Mississippi.

This Court has held that the taking of fingerprints during the trial to prove the defendant was the person previously convicted does not violate his Fifth

Amendment right against self-incrimination. Johnson v. State, Tex.Cr.App., 432 S.W.2d 98; Harrington v. State, Tex.Cr. App., 424 S.W.2d 237; Platt v. State, Tex.Cr.App., 402 S.W.2d 898. Regardless of his contention, no reversible error would be reflected, because appellant had previously taken the stand and testified about his convictions in Mississippi.

There being no reversible error, the judgment is affirmed.