**Jimmy Don SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43072.**

Court of Criminal Appeals of Texas.

July 22, 1970.

James H. Miller, Dallas, (Court Appointed on Appeal Only), for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, and John B. Tolle, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 15 years' confinement in the Texas Department of Corrections.

The indictment charged the offense of robbery by assault with a firearm. Prior to trial on September 15, 1967, the State by written motion, approved by the court, waived and abandoned the firearm portion, the capital feature, of the indictment. Thereafter the appellant entered a guilty plea before the jury to the offense of robbery after he had been duly admonished by the trial judge as to the consequences of his plea. This appellant is also the appellant in Simmons v. State, 457 S.W.2d 281; Simmons v. State, 457 S.W.2d 283 and Simmons v. State, 457 S.W.2d 284 this day decided, where he was convicted in each case of robbery unrelated to the other.

■ In his first ground of error appellant complains that evidence as to his fingerprints was improperly admitted since such evidence was illegally obtained.

It appears that on the morning of the trial, almost three months after the return of the indictment, the appellant who was in custody was taken from the courtroom by a bailiff apparently at the request of the prosecutor, and a set of his fingerprints obtained in a nearby consultation or witnesses' room. It is clear that it was not done with the prior approval and consent of the trial judge. Nevertheless, after the trial judge had been informed of the circumstances he permitted testimony relating to the same.

Harrington v. State, Tex.Cr.App., 424 S.W.2d 237, has been decided directly contrary to appellant's contention. There this Court said:

"In the case at bar, even though the fingerprinting was not done originally on the order of the Trial Judge, he sanctioned such action by admitting the prints taken into evidence."

We find no violation of appellant's privilege against self-incrimination. See Harrington v. State, supra, and cases there cited. See also Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Trammell v. State, Tex.Cr.App., 445 S.W.2d 190; Price v. State, Tex.Cr.App., 449 S.W.2d 73; McKenzie v. State, 450 S.W.2d 67; Tea v.

State, Tex.Cr.App., 453 S.W.2d 179; Franklin v. State, 457 S.W.2d 53.

Ground of error #1 is overruled.

▮ The appellant also contends the State failed to introduce sufficient evidence to show he was the same person who was previously convicted in several cause numbers introduced as part of his "prior criminal record." This claim is based upon the fact that the State relied upon the testimony of Deputy Sheriff Gunn as to comparison of appellant's known fingerprints with a set of prints from authenticated prison records and did not actually introduce the fingerprint card made in the consultation room just prior to trial. While it might have been more desirable for the State to have introduced such card, we find the evidence sufficient to reflect that the appellant was the person so previously convicted in each case.

Ground of error #2 is overruled.

▮ Thirdly, appellant contends the court erred in permitting the State to show through indirection and implication that appellant was arrested in the commission of a subsequent and unrelated extraneous offense of robbery. This contention is based on the fact that a plea of guilty to a felony charge before a jury admits all facts necessary to establish guilt, Darden v. State, Tex.Cr.App., 430 S.W.2d 494, and there was no basis for the introduction of an extraneous offense.

The record reflects that the court permitted the State to show *only* the fact of appellant's arrest and none of the surrounding circumstances. Upon objection and out of the jury's presence it is also noted that the careful trial judge said:

" * * * He said that was all he was going to ask him and I am taking his word for it. I don't know, I can't keep a person from committing error, Mr. Milner, if he wants to ask him something about if he arrested the man on another robbery out there, let him ask him and I will give you a new trial."

Ground of error #3 is overruled.

The judgment is affirmed.