Donnie Lindsey WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43218.

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Rehearing Denied Jan. 27, 1971.

Maurice U. Westerfield, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a conviction for robbery by assault with the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., being assessed at life.

At the outset appellant challenges the sufficiency of the evidence to sustain the conviction.

On July 11, 1968, X. L. Grantham was manager of the Seven-Eleven store at 5602 Allendale Street, in the city of Houston. At 10 p. m. on that date he testified the appellant Williams entered the store wearing sunglasses, approached the counter and inquired as to the location of the soft drink box, and then went to the front of the store. At this point one Wilbur Lee Taylor, also wearing sunglasses, approached the counter, brandished a pistol and demanded money. When another store em-

ployee, Franklin Cox, did not immediately respond Taylor struck him with the pistol. Grantham being in fear of his life took the money out of the cash register and also activated a Scanascope security camera thus causing motion pictures to be made of the incident.

Franklin Cox identified the appellant as the man who first inquired about a Coke machine, but related that the appellant never opened the machine but looked to the left "like he expected somebody" and then walked back and forth in front of the store, "kind of looking around." He testified that after he had been struck by Taylor, and during the course of the robbery, the appellant walked back to the counter where Taylor was and then returned to the front of the store. Cox related that following the robbery Taylor and the appellant left the store together walking side by side. Running outside Cox observed a white Dodge Dart automobile drive off.

Eight days later on July 19 the appellant and Taylor were arrested together in a Houston lounge. Outside was a white Dodge Dart bearing 1968 Texas license number PMR 940, which was shown to have been registered to a Donnie L. Williams.

To show flight the State introduced evidence to show bond forfeitures on at least two occasions during the course of the proceedings following indictment in this cause.

The appellant called Wilbur Lee Taylor who testified he alone committed the robbery in question. He acknowledged that he had been drinking at various lounges with the appellant on the date in question; that appellant had gone to sleep or had passed out in the Ford Falcon he (Taylor) was driving and did not know of his plan to commit a robbery. He claimed the appellant entered the store only after the robbery was in progress and that when they left the store the appellant refused to depart with him.

█ The court instructed the jury on the law of principals and of circumstantial

evidence. The jury, by their verdict, rejected appellant's version of the facts and the evidence amply supports the verdict.

Ground of error #1 is overruled.

Appellant's second ground of error is difficult to understand. He appears to contend that when the State relies upon circumstantial evidence the confession of a third party to the crime charged should exclude the guilt of the accused. In the case at bar the State did not offer any such confession. The appellant called Taylor as a witness and he testified that he alone committed the robbery and that the appellant was unaware of his intentions. The authorities urged by appellant are clearly not applicable to this fact situation.

Ground of error #2 is overruled.

■ Appellant's third ground of error is multifarious and appears insufficient under the requirements of Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

Apparently appellant's complaint is that a proper predicate was not laid for the introduction of the color movies recorded by the Scanascope camera. Prior to the admission into evidence of the film Doy Jones, general manager of Scanascope, Inc., testified he had secured the film in a self-sealed container from the store the morning following the alleged robbery and had the same processed by a machine utilized by one Stanley Fox. Jones viewed the developed film and identified the same as the one he had delivered to the developer and as the one which he had removed from the camera in the Seven-Eleven store.

The complaining witness Grantham who had activated the camera viewed the film prior to trial and testified the film was a fair and accurate representation of persons and events during the course of the robbery, all of which he had observed with his naked eye.

In Moses, "Scientific Proof In Criminal Cases—A Texas Lawyer's Guide," Sec. 10.-04, p. X—5, it is written:

"It is common knowledge that the predicate for introduction of a photograph requires proof of (1) its accuracy as a correct representation of the subject at a given time, and (2) its material relevance to a disputed issue.[2] Regarding

2. Trussel [Trussell] v. State, 172 Tex. Crim. 105, 354 S.W.2d 584 (1962).

ordinary photographs, a witness is not required to have seen a photograph made to testify as to its correctness.[3] Al-

3. Thompson v. Galveston H. & S. A. Ry. Co., 48 Tex.Civ.App. 284, 106 S.W. 910 (Tex.Civ.App.1908) ; Bertsch v. State, 379 S.W.2d 657 (Tex.Crim.App.1964).

though the photographer may authenticate the photograph,[4] his testimony is

4. Williams v. State, 126 Tex.Crim. 42, 69 S.W.2d 759 (1934).

not mandatory. All that is required of a witness who observed the object or scene depicted with his naked eye is testimony that the photograph truly and accurately represents that object or scene.[5] Like

5. Pait v. State, 433 S.W.2d 702 (Tex. Crim.App.1968).

still photographs, motion pictures are admissible in criminal prosecutions where they are properly authenticated, relevant to the issues and not violative of the rules of evidence established for the admissibility of photographs.[6]

6. See Jones v. State, 151 Tex.Crim.R. 519, 209 S.W.2d 613 (1948) ; Housewright v. State, 154 Tex.Crim.R. 101, [225] S.W.2d 417 (1949) ; Carpenter v. State, [169] Tex.Crim. 283, 333 S. W.2d 391 (1960)."

The film was properly admitted into evidence.

It is further observed that subsequently Cox and the self-confessed robber Taylor also testified that the film was a fair and accurate representation of the robbery.

Ground of error #3 is overruled.

■ Next appellant claims the trial court erred in failing to declare a mistrial on its own motion at the guilt stage of the

proceedings because of a newspaper publication indicating that the appellant had been "indicted as a habitual criminal" and had prior convictions.

This ground of error relies on alleged matters entirely outside of the record and presents nothing for review. Wood v. State, Tex.Cr.App., 440 S.W.2d 640; Walker v. State, Tex.Cr.App., 440 S.W.2d 653.

The appellant has pasted an unidentified and undated newsprint article to his appellate brief. There is no showing the matter was ever called to the trial court's attention, and there is no showing the supposedly offensive item, wherever and whenever published, was seen or considered by any member of the jury.

It is observed that at each separation of the jury the trial judge was careful to admonish the jury not to read or view anything by the news media concerning the trial of the case.

Ground of error #4 is overruled.

■ If we understand appellant's next ground of error it is that he was not permitted to introduce a motion for continuance to counter the State's evidence of several bond forfeitures in an effort to show flight.

It is well established that a motion for continuance is mere pleading and does not prove itself. We fail to perceive any error in the court's refusal to permit appellant's counsel to read the motion to the jury. We do observe that the attorney who had filed such motion was called to the stand and fully testified, without objection, as to the allegations and contents of such motion.

Ground of error #5 is overruled.

■ Appellant also advances the claim a mistrial should have been granted by the court on its own motion when a Harris County deputy sheriff testified he had taken the appellant into custody from the Galveston County sheriff's office since such evidence left the impression that appellant was in custody for an extraneous offense.

First, we observe there was no objection to such testimony and no motion for mistrial was made. Moreover, the evidence reflects that appellant was taken into custody at the time in question as a result of a capias issued in the instant case.

Ground of error #6 is overruled.

■ Next appellant contends the court erred in permitting State's counsel to make a statement regarding an extraneous arrest which had previously been excluded by the court in the absence of the jury.

Taylor testified he had borrowed the Ford Falcon he was driving on the night of the robbery from a Sandra Wilson. On cross-examination he was asked:

"Q. Sandra Wilson, she was the same girl who was with you and Donnie Lindsey Williams *the night you were arrested* on the 19th, wasn't she? (Emphasis supplied.)

"Mr. Ward; (defense counsel) I object to that. That has been excluded previously and now we would object to it."

Assuming the general objection was sufficient, it is observed that question refers to the arrest of the witness and not the appellant. ₒIf it can be inferred from such question that appellant was also arrested, there is no showing that it was not for the instant offense. Earlier testimony before the jury had established that Taylor and appellant had been arrested together on July 19, 1968.

Ground of error #7 is overruled.

■ The State called several witnesses who testified that they knew Wilbur Lee Taylor's general reputation for truth and veracity and that it was bad. All save one of these witnesses were Houston police officers and appellant complains their testimony was inadmissible because these wit-

nesses did not personally live in the Channelview area of the city of Houston where appellant resided. We find no merit in such contention.

Ground of error #8 is overruled.

 Appellant also contends the court erred in failing to exclude authenticated copies of prison records offered at the penalty stage of the trial before the court to prove the allegations of the indictment as to prior convictions since there was a fatal name variance.

The certification of the record clerk of the Texas Department of Corrections reflects that attached copies of the original records were those of Donald *Wesley* Williams rather than Donald *Lindsey* Williams. The attached certified copies of the judgments and sentences correctly reflect the name of Donald Lindsey Williams. A fingerprint expert testified the fingerprints contained in the prison records matched those he had recently taken from the appellant, Donald Lindsey Williams.

Further, it is well established that an error in a person's middle name is immaterial, a middle name being unknown at common law. Delphino v. State, 11 Tex. App. 30; Jiminez v. State, Tex.Cr.App., 364 S.W.2d 396; Scott v. State, Tex.Cr.App., 368 S.W.2d 216; 1 Branch's Ann.P.C., 2nd ed., Sec. 482, p. 469; 30 Tex.Jur.2d, Sec. 65, p. 652.

Ground of error #9 is overruled.

Appellant's last complaint is that his constitutional rights were violated when after indictment and on the day of trial his fingerprints were taken so that a comparison could be made with the fingerprints contained in the prison records in order to prove the alleged prior convictions. A number of cases have been decided adversely to appellant's contention. Trammell v. State, Tex.Cr.App., 445 S.W. 2d 190; Washington v. State, Tex.Cr.App., 434 S.W.2d 138; Branch v. State, Tex.Cr. App., 445 S.W.2d 756; Harrington v. State, Tex.Cr.App., 424 S.W.2d 237 and cases there cited. We thus find no violation of appellant's privilege against self-incrimination or right to counsel by the admission into evidence of fingerprints taken while he was under indictment. Harrington v. State, supra; Moses, "Scientific Proof In Criminal Cases—A Texas Lawyer's Guide," Sec. 7.07, p. VII—11.

Ground of error #10 is overruled.

The judgment is affirmed.