**Solomon GORDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43325.**

Court of Criminal Appeals of Texas.

Jan. 6, 1971.

Rodman E. Gorman, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with the intent to commit theft where the punishment was assessed by the court at 12 years following a jury verdict of guilty.[1]

The sufficiency of the evidence is not challenged and a recitation of the facts is not deemed essential.

Initially, appellant complains he was denied a fair trial because he was illegally restrained by the sheriff between September 8, 1969, and the date of the trial, November 24, 1969, in violation of the court's order.

Appellant contends that on September 8, 1969, he announced ready for trial and the State obtained its second continuance "for lack of a material witness." The docket sheet reflects the following notation on September 8, 1969: "* * * Reset for November 24, 1969 for jury trial. Defendant ordered released on his own recognizance pending trial in this cause."

■ There is nothing in the record to support the claim that appellant was not released. If he was not, the sheriff was clearly justified in his action. No amount of bail appears to have been set by the court and since the effective date of the 1965 Code of Criminal Procedure (January 1, 1966), a recognizance is no longer recognized nor is it valid. See Interpretative and Special Commentaries, Article 17.01, Vernon's Ann.C.C.P.

Still further, appellant made no attempt to secure release by writ of habeas corpus or otherwise.

■ Next, appellant contends he was denied a speedy trial since the State was granted two continuances and he was confined for a period of 14 months from arrest to trial. There is no showing in the record that a request for speedy trial was ever made. Thus no error is presented. Jackson v. State, Tex.Cr.App., 454 S.W.2d 733; Johnson v. State, Tex.Cr.App., 453 S.W.2d 828; Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59.

■ Lastly, appellant complains of having his fingerprints taken during the penalty stage of the trial, and contends that when the same were introduced and utilized by a fingerprint expert in connection with a prison record to show his "prior criminal record," his self-incrimination privilege under Article I, Sec. 10 of the Texas Constitution was violated. We do not agree. Tea v. State, Tex.Cr.App., 453 S.W.2d 179; Branch v. State, Tex.Cr.App., 445 S.W.2d 756; Harrington v. State, Tex.Cr.App., 424 S.W.2d 237; Washington v. State, Tex. Cr. App., 434 S.W.2d 138 and cases there cited; Simmons v. State, Tex.Cr.App., 457 S.W.2d 284 and cases there cited; Williams v. State, Tex.Cr.App., 461 S.W.2d 614.

The judgment is affirmed.

---

1. Two prior non-capital felony convictions alleged in the indictment for enhancement were abandoned by the State prior to trial. They were, however, introduced at the penalty stage of the trial before the court as a part of appellant's "prior criminal record." See Article 37.07, V.A. C.C.P.