

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00113-CR

**FREDDY ADAN HURST,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 40th District Court
Ellis County, Texas
Trial Court No. 36174CR**

## MEMORANDUM  OPINION

Appellant, Freddy Adan Hurst, challenges his conviction for tampering with physical evidence, a third-degree felony.  *See* TEX. PENAL CODE ANN. § 37.09(a), (c) (West Supp. 2012).  In one issue, Hurst argues that the "trial court erred in permitting the State to introduce computer[-]enhanced images into evidence in violation of the Texas Rules of Evidence."  We affirm.

# I. BACKGROUND

During the evening hours of July 13, 2011, Sergeant Mike Lewis of the Waxahachie Police Department received a tip about a possible drug purchase at a particular house in the 400 block of Lakepark in Waxahachie, Texas. Acting on the tip, Sergeant Lewis patrolled the area by the house to see if he could observe anything out of the ordinary.

At approximately 11:19 p.m., Sergeant Lewis observed a vehicle that was parked illegally in front of the house described in the tip. The vehicle's headlights blinded Sergeant Lewis as he drove down the street, but he did observe a female exit the vehicle. Sergeant Lewis then turned his vehicle around to make a traffic stop. At this time, the vehicle, driven by Hurst, pulled away from the house. Sergeant Lewis advised dispatch, turned on his overhead lights, and attempted to effectuate a traffic stop. Sergeant Lewis noticed that Hurst "[t]ook a little longer than most people do to stop." As Hurst was stopping his vehicle, Sergeant Lewis "noticed the driver make a furtive movement, which was leaning far down toward the right side of the floorboard." Sergeant Lewis "then saw a hand come out the right front window, probably about to the wrist. It looked what looked like fingers shaking, and then I saw something fall from his hand and hit the ground." Sergeant Lewis notified other officers about what he saw.

After Hurst stopped his vehicle, Sergeant Lewis approached the passenger-side window to investigate what had been thrown from the window. Sergeant Lewis observed that Hurst was the only occupant in the vehicle. Later, backup arrived and

located five to seven small, clear baggies in a clump at the location where Sergeant Lewis had observed that they were dropped. One of the baggies contained a crystallized substance that Sergeant Lewis believed to be methamphetamine. Hurst was subsequently arrested. Tests revealed that the one baggie contained 0.07 grams of methamphetamine.

At trial, the dash-cam video from Sergeant Lewis's vehicle was admitted into evidence without objection. In addition, the State introduced a PowerPoint presentation that was created from still photographs taken from the dash-cam video. The photographs purportedly were still frames from the dash-cam video that have boxes on portions of the photographs depicting the offense. The inclusion of the boxes was designed to help the jury focus their attention on the act constituting the offense. Hurst objected to the photographs, arguing that:

> It's manufactured evidence. Mr. Jackson's testimony, it's been edited, it's been enhanced, it's been altered by adding boxes. It's a violation of the best evidence rule. And we, therefore, think should not be admitted into evidence or shown to the jury. It's not what the officer brought us. It's been added to so we object.

The trial court overruled Hurst's objection, and the photographs were admitted into evidence.

At the conclusion of the evidence, the jury found Hurst guilty of the charged offense and assessed punishment at five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[1] This appeal followed.

---

[1] Hurst was also convicted of unlawfully possessing a controlled substance, for which he received a five-year sentence. That case is not the subject of this appeal.

## II.    ADMISSION OF EVIDENCE

In his sole issue on appeal, Hurst contends that the trial court abused its discretion by admitting the computer-enhanced photographs because the photographs were untrustworthy and subject to tampering and modification.

### A.    Applicable Law

We review a trial court's admission of photographs into evidence under an abuse-of-discretion standard. *Neelys v. State*, 374 S.W.3d 553, 563 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (citing *Penry v. State*, 903 S.W.2d 715, 751 (Tex. Crim. App. 1995)); *see Santellan v. State*, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997) ("The admissibility of photographs over a challenge is within the discretion of the trial judge."). We will not reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003); *see also Fields v. State*, No. 01-07-00856-CR, 2009 Tex. App. LEXIS 1932, at *11 (Tex. App.—Houston [1st Dist.] Mar. 19, 2009, pet. ref'd) (mem. op., not designated for publication).

**B.     Discussion**

In his brief, Hurst complains that it "was unfair to admit the duplicate in lieu of the original since defense counsel raised a question as to the authenticity of the original when he questioned the manufactured or altered modified photo evidence which finally appeared into [sic] the Power[]Point presentation."   However, as noted above, Sergeant Lewis's dash-cam video was admitted into evidence without objection. Furthermore, Sergeant Lewis testified that the dash-cam video was a true and accurate depiction of what he saw that night.  *See* TEX. R. EVID. 901(a)-(b)(1).  Therefore, based on the foregoing, we do not find this argument to be persuasive.[2]

Hurst also argues that the photographs were inadmissible because they were not properly authenticated.  Texas Rule of Evidence 901 provides that:  "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."  TEX. R. EVID. 901.; *see Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012) ("The preliminary question for the trial court to decide is simply whether the proponent of the evidence has supplied facts that are sufficient to support a reasonable jury determination that the evidence he has proffered is authentic.").  Rule

---

[2] Moreover, we do not believe that the Best Evidence Rule applies in this case because the best evidence, the dash-cam video from Sergeant Lewis's vehicle, was admitted into evidence without objection. *See* TEX. R. EVID. 1002 (providing that the original writing, recording, or photograph is required to prove the content of the writing, recording, or photograph).  The complained-of photographs merely supplemented, but did not alter, the substance of the dash-cam video.   Therefore, because the photographs were not tendered for admission into evidence in lieu of the dash-cam video, we do not believe that Texas Rules of Evidence 1002 and 1003 apply in this case.  *See id.*; *see also id.* at R. 1003 ("A duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.").

901 creates a gatekeeping function that can be cleared by circumstantial evidence. *See Campbell v. State*, 382 S.W.3d 545, 549-50 (Tex. App.—Austin 2012, no pet.). The Texas Court of Criminal Appeals has stated that:

> "Before being admitted, photographic evidence must ordinarily be shown, either by direct proof or by admission to be correct. However, the only identification or authentication required is that the offered evidence properly represent the person, object[,] or scene in question. This may be testified to not only by the photographer or a person photographed, but by any other witness who knows the facts, even though the witness did not take the photograph himself or see it taken."

*Huffman v. State*, 746 S.W.2d 212, 222 (Tex. Crim. App. 1988) (quoting *Williams v. State*, 461 S.W.2d 614, 616 (Tex. Crim. App. 1970)); *see Hughes v. State*, 878 S.W.2d 142, 155 (Tex. Crim. App. 1992) (op. on reh'g); *see also Gomez v. State*, No. 08-10-00276-CR, 2012 Tex. App. LEXIS 1013, at *20 (Tex. App.—El Paso Feb. 8, 2012, no pet.) (mem. op., not designated for publication).

Here, Darin Jackson, an employee of the Ellis County District Attorney's Office, testified that he created the PowerPoint presentation using still frames from the dash-cam video that was admitted without objection. Jackson acknowledged that he added boxes to the still frames to focus the jury's attention on what Hurst had dropped out of the vehicle. Other than inserting the boxes, Jackson denied making any further alterations or manipulations to the still frames. In addition, Sergeant Lewis testified that the photographs contained in the PowerPoint presentation created by Jackson accurately represented what he personally viewed that night. As such, we reject Hurst's authentication argument. *See Hughes*, 878 S.W.2d at 155; *Huffman*, 746 S.W.2d at 222; *see also Gomez*, 2012 Tex. App. LEXIS 1013, at *20.

Hurst also appears to argue that the photographs were inflammatory. We note that Hurst did not make such an argument in the trial court. To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial. *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review." *Wright*, 154 S.W.3d at 241; *see Resendiz*, 112 S.W.3d at 547. Because Hurst's appellate argument does not comport with the arguments made in the trial court, we cannot say that Hurst has preserved this argument for review. *See* TEX. R. APP. P. 33.1(a)(1); *see also Resendiz*, 112 S.W.3d at 547; *Wilson*, 71 S.W.3d at 349; *Wright*, 154 S.W.3d at 241.

And finally, even if we were to conclude that the trial court abused its discretion in admitting the photographs into evidence, we note that the potential harm of the complained-of evidence is defused by other properly-admitted evidence. *See King v. State*, 953 S.W.2d 266, 273 (Tex. Crim. App. 1997). Therefore, because the dash-cam video was admitted into evidence without objection, any harm associated with the admission of the photographs would be harmless. *See* TEX. R. APP. P. 44.2; *see also Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) ("An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection.");

*King*, 953 S.W.2d at 273.   Based on the foregoing, we overrule Hurst's sole issue on appeal.

### III.   CONCLUSION

Having overruled Hurst's sole issue on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 3, 2013
Do not publish
[CR25]