**Wilbert Clarence ALBERT, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56322.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 25, 1979.

---

Joe E. Taylor, Denison, for appellant.

Stephen Davidchik, County Atty. and Tom Streeter, Asst. County Atty., Sherman, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary. V.T.C.A., Penal Code, Section 30.02. After pleading not guilty, the jury convicted appellant and assessed his punishment at four years' confinement.

We are confronted at the outset with fundamental error in the court's charge to the jury which requires reversal in the interest of justice. Article 40.09(13), Vernon's Ann.C.C.P.; Article 36.19, Vernon's Ann.C.C.P.

The indictment in the present case alleges burglary by "enter[ing] a building without the effective consent of [the owner], and therein attempted to commit and committed theft." The court instructed the jury in applying the law to the facts that appellant was guilty of the offense charged if it found beyond a reasonable doubt that he "without the effective consent of [the owner], enter[ed] a building and commit[ted] the felony offense of *burglary.*" (Emphasis supplied.)

A person may commit the offense of burglary as provided by Section 30.02, supra, in one of three manners: (1) by entering a habitation or building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; (2) by remaining concealed, with intent to commit a felony or theft, in a building or habitation; or (3) by entering a building or habitation and committing or attempting to commit a felony or theft. In the present case, the court instructed the jury that the appellant was guilty of the offense of burglary if it found beyond a reasonable doubt that he entered the building in question with the intent to commit *burglary.* This theory was not alleged in the indictment. It is now well settled that it is fundamentally erroneous for the trial court to instruct the jury to convict the defendant on various theories not alleged in the indictment. *Cullum v. State,* 576 S.W.2d 87 (Tex.Cr.App.1979); *Smith v. State,* 570 S.W.2d 958 (Tex.Cr.App.1978); *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App. 1977).

The judgment is reversed and the cause remanded.