**Eddie ESCAMILLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60393.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 11, 1981.

O. E. Elmore, Bryan, Blake Withrow, Dallas, for appellant.

Roland M. Searcy, Dist. Atty., Larry A. Catlin, Asst. Dist. Atty., Bryan, Travis Bryan, III, Dist. Atty., W. W. Torrey, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a building, 30.02. Punishment was assessed at 20 years.

At the outset we are confronted with fundamental error in the jury charge that requires discussion in the interest of justice. Art. 40.09(13), V.A.C.C.P.

■ The indictment in this case alleged burglary under V.T.C.A., Penal Code Sec. 30.02(a)(1):

"[Appellant] did then and there unlawfully without the effective consent of D. C. VELASQUEZ, the owner thereof, enter a building *not then and there open to the public*, with intent to commit theft...." (Emphasis added.)

The elements under this mode of burglary are (1) a person (2) without the effective consent of the owner (3) enters a habitation or building, *not then open to the public*, (4) with intent to commit a felony or theft. *Garcia v. State*, 571 S.W.2d 896, 899 (Tex. Cr.App.).

■ In this case the court instructed the jury on when to convict appellant in the following language:

"Now, if you find from the evidence beyond a reasonable doubt that in Brazos County, Texas, on or about the 6th day of July, 1977, the defendant, EDDIE ESCAMILLA, did enter a building then and there occupied, controlled, and in the possession of D. C. Velasquez, hereinafter called owner, without the effective consent of said owner, and that such building was then and there an enclosed structure intended for use or occupation as a building and then and there in actual use by said owner as a building, as that term has been defined, and that the defendant, at the time of such entry, if any there was, had the intent then and there to take and exercise control over the corporeal personal property therein being and owned and belonging to said owner, without the effective consent of said owner, with intent to deprive the owner of said property, then you will find defendant guilty."

This charge failed to require the jury to find that the building was not open to the public at the time of appellant's entry. It accordingly permitted a conviction on facts not constituting an offense. In *Dowden v. State*, 537 S.W.2d 5 (Tex.Cr.App.), the Court said, "It is fundamental that a conviction for an offense cannot stand unless the charge authorized the jury to find a defendant guilty *only for conduct constituting that offense.*" (Emphasis added.) The charge here, by failing to require that the jury find the building was not open to the public, authorized conviction for conduct that does not constitute an offense. This was fundamental error. See generally *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.).

The judgment is reversed and the cause remanded.