Clarence SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0057–CR.

Court of Appeals of Texas,
Amarillo.

April 11, 1983.

David Hamilton, Amarillo, for appellant.

Roland Saul, Dist. Atty., David Martinez, Asst. Dist. Atty., Hereford, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Clarence Smith appeals from his conviction for burglary of a building. Punishment was assessed at 5 years confinement in the Texas Department of Corrections and a $3,000.00 fine. For the reasons expressed below, we affirm the judgment of conviction.

Appellant raises three grounds of error in this appeal. First, he alleges that there was a fatal variance between the indictment and the charge because the indictment alleged that he had acted together with John Paul Bryant, while the charge permitted the jury to find him guilty without first finding that he had acted together with John Paul Bryant. Second, he contends that the evidence was insufficient to support the jury's finding of guilt. Finally, he argues that his constitutional right against self-incrimination was violated when the court permitted the State to introduce into evidence a partial account of a statement he had earlier given to the police.

A brief recitation of the facts indicates that on February 24, 1981, a burglary of a storage building was reported to the Hereford Police Department. After an investigation, the police asked appellant and John Paul Bryant to come to the police station for questioning. During the questioning appellant agreed to make a statement to the police. In his statement, appellant admitted that he had entered a storage building in Hereford and that he had appropriated certain property contained therein. Meanwhile, Bryant consented to a police search of his van and during the search the police discovered some stereo equipment and a number of musical instruments. Marcel Fishbacher, the lessee of the storage building that had been burglarized, came down to the Hereford Police Department and positively identified the property as his own. Appellant was thereupon indicted for burglary of a building. Upon a trial by jury the appellant was found guilty. A more detailed recitation of the facts will accompany our discussion of appellant's grounds of error.

As mentioned above, appellant contends in his first ground of error that there is a fatal variance between the indictment and the charge during the guilt-innocence stage of the trial. Specifically, he points out that, while the indictment alleged that he acted together with John Paul Bryant, the charge permitted the jury to find him guilty even if it only found that he had done the acts alleged alone. Appellant asserts that this variance would impermissibly permit the State to convict appellant without having to prove all the elements contained in the indictment. We disagree.

We first note that appellant did not object to the charge during the trial and therefore only fundamental error will be considered on appeal. *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980). It is true that all essential allegations in an indictment must be proved by the State and, of course, the charge to the jury must require the jury to find such essential allegations. See *Roberts v. State,* 513 S.W.2d 870 (Tex.Cr.App.1974). Failure to do so constitutes fundamental error. *Albert v. State,* 579 S.W.2d 925 (Tex.Cr.App.1979). However, where an allegation contained in the indictment is not a necessary part of the pleading, and is not descriptive of that which is legally essential to the validity of the indictment, unnecessary words may be rejected as surplusage. *Ferguson v. State,* 572 S.W.2d 521 (Tex.Cr.App.1978); *Cohen v. State,* 479 S.W.2d 950 (Tex.Cr.App.1972); *Malazzo v. State,* 165 Tex.Cr.R. 441, 308 S.W.2d 29 (Tex.Cr.App.1957). The question therefore presented for our decision is whether that portion of the indictment alleging that appellant acted together with John Paul Bryant was a necessary part of the pleading or was descriptive of that which was legally essential to the validity of the indictment. We think it was neither.

The indictment charged, in relevant part, that:

Clarence Smith and John Paul Bryant, *acting together,* ... did then and there knowingly and intentionally with intent to commit theft, enter a building which was not open to the public without the

effective consent ... of the owner ... [emphasis added].

The charge, on the other hand, authorized the jury to convict the appellant if it found that he alone knowingly and intentionally, with intent to commit theft, entered a building, which was not open to the public without the consent of the owner.

Tex. Penal Code Ann. § 30.02(a)(1) (Vernon 1974) states:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft.

■ The essential elements of burglary as applied to this case are:

(1) a person

(2) without the effective consent of the owner

(3) enters a building not then open to the public

(4) with intent to commit theft.

See *Escamilla v. State,* 612 S.W.2d 608 (Tex. Cr.App.1981); *Day v. State,* 532 S.W.2d 302, 305 (Tex.Cr.App.1975); *Gonzales v. State,* 517 S.W.2d 785, 786 (Tex.Cr.App.1975).

■ It is readily apparent that it is not an essential element of the offense of burglary with intent to commit theft that a person act together or in concert with others. It is also apparent, we think, that any such allegation, even if made, is not descriptive of an essential element in the case. That being the case, that portion of the instant indictment wherein it alleged that appellant acted together with John Paul Bryant was mere surplusage. See *Craig v. State,* 480 S.W.2d 680 (Tex.Cr.App.1972); *Gibson v. State,* 448 S.W.2d 481 (Tex.Cr. App.1969). Therefore, the trial court's failure to include in its charge a requirement that the jury find that appellant acted together with Bryant was not error. Appellant's first ground of error is overruled.

Appellant's second ground of error attacks the sufficiency of the evidence. Specifically, appellant argues that the evidence

was insufficient to prove the indictment allegations that appellant and John Paul Bryant acted together, that either or both of them had made an authorized entry, and that there was a lack of effective owner consent. We have already held in connection with appellant's first ground of error, that the State was not required to prove its allegation that appellant and Bryant had acted together. Our discussion in connection with appellant's second ground of error will therefore be confined to the other allegations made by appellant under this ground.

■ When the sufficiency of the evidence is challenged we must view the evidence in the light most favorable to the jury verdict. If there is ° any evidence which, if believed, shows the guilt of the accused, the verdict will be sustained. *Steen v. State,* 640 S.W.2d 912 (Tex.Cr.App. 1982). Reviewing the evidence in this case, under the light of that teaching, we conclude that the evidence is sufficient to support the verdict of the jury.

The record shows that a burglary of a storage building was reported to the Hereford Police Department on February 24, 1981. The building was rented and occupied at the time by Marcel Fishbacher. As part of the investigation of the burglary, Detective Sergeant Vernon Hope asked John Paul Bryant to come to the police station to answer some questions. Mr. Bryant came to the station on February 25, 1981 accompanied by the appellant. After appellant had spoken with Detective Sergeant Hope, he indicated that he was willing to make a statement about the burglary. Officer Joe Scott informed appellant of his rights and appellant indicated that he understood his rights. Appellant then gave his statement to Officer Scott. In his statement, appellant related that he and Bryant were on their way to Vega when they saw some storage buildings in Hereford which they decided to check out. Upon checking the storage buildings out, appellant stated, they noticed that one of the doors was partially open. They then pushed the door completely open and saw a number of items

in the building, appellant further related. Finally, appellant said he and Bryant took a stereo and three musical instruments from the building and then headed home. The record established that Mr. Fishbacher's storage building was in the same area as that described by appellant in his statement.

Meanwhile, Bryant was questioned by Detective Sergeant Hope and during the questioning Detective Sergeant Hope asked Bryant if he could search his van. Bryant executed a consent to search. During the search, the police discovered a guitar, trombone, violin, stereo and stereo speakers. Marcel Fishbacher later identified these items as being his own property. Mr. Fishbacher identified the musical instruments as his own through recollection and the stereo equipment by recollection and by serial number. Mr. Fishbacher stated that he had been keeping those items stored in the storage building and that he had closed off the building to the public by securing it with a padlock. He also testified that he had not given appellant nor anyone else his consent to enter the storage building.

The record further indicates that on February 22, 1981, two days prior to the date when the burglary was reported to the Hereford police, Officer Michael Ray Oglesby of the Canyon Police Department stopped a van driven by John Paul Bryant for speeding. Officer Oglesby testified that the appellant was a passenger in the van. He further testified that while talking to Bryant about his speeding, he noticed stereo equipment lying in the back of the van and that he questioned appellant for a few moments about the stereo equipment. Mr. William Walker testified that he had loaned the van to Bryant and appellant sometime on or prior to February 22, 1981. Walker further stated that when he loaned the van to Bryant and appellant there was no stereo equipment or musical instruments in the van.

■ Viewing the evidence in the light most favorable to the verdict and making all reasonable inferences therefrom, we conclude that the evidence was sufficient to show that appellant had knowingly and intentionally entered a building with intent to commit theft. Further the evidence is sufficient to establish that appellant had specifically entered the building lawfully occupied by Marcel Fishbacher with such intent to commit theft. See *Ellett v. State,* 607 S.W.2d 545, 550 (Tex.Cr.App.1980). Appellant's second ground of error is overruled.

Appellant argues in his third ground of error that the trial court erred in permitting the State to introduce the statement made by the appellant to the Hereford police when such statement had been blotted out by the State in several parts prior to its admittance into evidence. Appellant concedes that present Texas law permits this procedure. However, without citation of authority, appellant presents the novel contention that this Texas rule violates his constitutional right against self-incrimination. Specifically, he contends that the present Texas rule forces a defendant who wishes to challenge the voluntariness of a confession to argue for the statement's exclusion while at the same time, if the State exercises its right to introduce only a portion of the statement, the defendant must then move to introduce the entire statement in an attempt to make the jury aware of any exculpatory facts he feels the complete statement may have contained.

■ We first note that under Tex.Code Crim.Pro.Ann. art. 38.24 (Vernon 1979), the State is permitted to introduce only a part of a confession without having to introduce the rest of the confession because the accused is accorded the right to introduce the rest if the State fails to do so. *Harrington v. State,* 547 S.W.2d 616, 621 (Tex.Cr.App. 1977). The court correctly followed this procedure in the instant case in permitting the State to introduce only a portion of the appellant's statement.

We believe that neither the U.S. Constitution nor the Texas Constitution prohibits this statutory procedure. The Fifth Amendment to the U.S. Constitution (made applicable to the states by the Fourteenth Amendment) states in relevant part:

No person ... shall be *compelled* in any criminal case to be a witness against himself [emphasis added].

Similarly, the Texas Constitution provides that an accused "shall not be *compelled* to give evidence against himself ... [emphasis added]." Tex. Const. art. 1 § 10. The prohibition of both federal and state constitutions prevents either the federal or state governments from compelling testimony. Absent compulsion, there is no violation of the constitutional provisions. As the United States Supreme Court has declared: "[The constitutional prohibition against self-incrimination] is limited to prohibiting the use of 'physical or moral compulsion' exerted on the person asserting the privilege." *Fisher v. United States,* 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976), *quoting Perlman v. United States,* 247 U.S. 7, 15, 38 S.Ct. 417, 420, 62 L.Ed. 950 (1918). Our Court of Criminal Appeals has declared that the Texas constitutional prohibition is comparable in scope to that of the Fifth Amendment to the United States Constitution. *Olson v. State,* 484 S.W.2d 756 (Tex.Cr.App.1969) (opinion on rehearing).

The fact that an accused might feel obliged after the State introduces a portion of a confession, to introduce the remainder of that confession falls far short of the type of compulsion constitutionally prohibited. The stringent legal requirements precedent to the receipt into evidence, or the consideration by the jury, of a confession satisfactorily ensure that the statement is voluntary and not the result of any unconstitutional compulsion. It therefore naturally follows that the fact an accused may be faced with a difficult decision as to trial tactics is not the result of a violation of any constitutionally guaranteed right but indeed is the natural culmination of the constitutionally guaranteed right of trial by jury. Appellant's third ground of error is overruled.

There being no reversible error, the judgment of conviction is affirmed.

REYNOLDS, Chief Justice, concurring.

I concur in the overruling of appellant's grounds of error and the affirmance of the judgment of conviction. I add these comments in disagreement with appellant's contention that the court's charge was fundamentally defective.

The indictment charged that appellant "and John Paul Bryant, acting together," committed the offense of burglary of a building. The court's charge permitted the jury to, and the jury did, find appellant guilty of the burglary without finding that he and Bryant acted together. On appeal, appellant asserts that the charge permitted a conviction on a theory not alleged in the indictment; therefore, he argues, the charge is fundamentally defective and a reversal is required. We have disagreed.

Although the indictment charged the commission of the burglary by appellant and Bryant acting together, the allegation of their concerted action is neither descriptive of, nor legally essential to charge, the offense of the burglary itself; thus, it may be rejected as surplusage. *Ferguson v. State,* 572 S.W.2d 521, 524 (Tex.Cr.App. 1978); *Craig v. State,* 480 S.W.2d 680, 685 (Tex.Cr.App.1972), citing 2 Branch's Ann. P.C. § 704 (2d ed. 1956). Because the allegation of concerted action was and is surplusage, it need not have been proved. *Craig v. State, supra; Gibson v. State,* 448 S.W.2d 481, 482 (Tex.Cr.App.1969). *A fortiori,* the court's charge need not—and, indeed, it should not—have required the jury to find that appellant and Bryant acted together as alleged when it was not required to be proved.

An allegation that two or more persons committed a crime needs to be submitted to the jury and proved to sustain a conviction only if the crime charged is one—*e.g.,* a conspiracy to commit some crime—which requires the active participation of those persons for its commission. *Compare Brady v. State,* 122 Tex.Cr.R. 539, 56 S.W.2d 879 (1933), *with Bradford v. State,* 170 Tex. Cr.R. 530, 342 S.W.2d 319 (1960). Here, the rejection of the surplusage is appropriate since appellant's conduct, as particularized in our primary opinion, is sufficient, in and of itself, to prove that he burglarized the

building without regard to the conduct of Bryant, albeit there was evidence of Bryant's involvement with appellant when appellant committed the burglary.