**In the Matter of R.R.**

**No. 07–85–0341–CV.**

Court of Appeals of Texas, Amarillo.

April 29, 1986.

White, Self & Bass, Bob Bass, Plainview, for appellant.

Terry McEachern, Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

R.R., a child, has perfected this appeal to challenge the trial court's adjudication that he has engaged in delinquent conduct and the disposition that he be committed to the Lubbock Texas Youth Commission until his eighteenth birthday. Because R.R. was not shown to have engaged in delinquent conduct for the reasons alleged, we grant his prayer to reverse and render, ordering the case dismissed with prejudice.

By its live trial pleadings, the State of Texas alleged that R.R. engaged in delinquent conduct for the following reasons:

### I.

That on or about the 18th day of September, 1985, in Hale County, Texas, said [R.R.] did then and there intentionally and knowingly without the effective consent of Paul Zieglar [sic], the owner thereof, enter a building not then and there open to the public with intent to commit theft,

### II.

That on or about the 1st day of October, 1985, in Hale County, Texas, said [R.R.] did then and there intentionally flee from Tim King, a peace officer, who the Juvenile knew to be a peace officer, and said peace officer was then and there attempting to lawfully detain the said Juvenile,

### III.

That on or about the 1st day of October, 1985[,] in Hale County, Texas, said [R.R.] did then and there appear to be intoxicated in a public place, by the introduction of inhalants, to-wit: Paint sniffing to the degree that he might endanger himself or another, [sic]

To the allegations, R.R. pleaded "not true."

Following the adjudication hearing, the court found beyond a reasonable doubt that R.R. was a child who engaged in delinquent conduct, to-wit:

(1) On [o]r about the 18th day of September, 1985, in Hale County, Texas, said [R.R.] did then and there intentionally and knowingly without the effective consent of Paul Ziegler, the owner thereof, enter a building not then and there open to the public with intent to commit theft, (2) That on or about the 1st day of October, 1985[,] in Hale County, Texas, said [R.R.] did then and there intentionallu [sic] flee from Rim [sic] King, a peace officer and Eddy Burton, who was also a peace officer, who the juvenile knew to be peace officers, and said peace officers were then and there attempting to lawfully detain the said Juvenile, (3) That on or about the 1st day of October, 1985, in Hale County, Texas, said [R.R.] did then and there appear to be intoxicated in a public place by the introduction of inhalants, to-wit: Paint sniffing to the degree that he might endanger himself or another, [sic]

It is noted that the court's findings of delinquent conduct track the State's allegations, except for the addition that R.R. also fled from peace officer Eddy Burton.

At a disposition hearing held immediately thereafter, a social case history of R.R., made available to his attorney, was admitted into evidence and considered by the court. The court found that R.R. was in need of rehabilitation and, for the protection of the public and of the child, committed him to the Lubbock Texas Youth Commission until his eighteenth birthday.

R.R. presents three points, and one subpoint, of error to challenge the court's adjudication and disposition. With these points, he contends that as a matter of law, intoxication does not constitute delinquent conduct, and that there is no evidence, or alternatively, factually insufficient evidence to support the findings of delinquent conduct beyond a reasonable doubt.

At this point, we observe that the State did not file an appellate brief and, as a result, has neither answered nor challenged R.R.'s factual statement of the record. Consequently, it is within our discretion to accept, if we wish, the statements concerning the facts and the record made by R.R. in his brief as correct, Tex.R. Civ.Pro. 419; *Clyde v. Hamilton*, 414 S.W.2d 434, 441 (Tex.1967), without further resort to the record. *Payne v. Snyder*, 661 S.W.2d 134, 142 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). Nevertheless, we have reviewed the entire record.

The testimonial facts are that on 18 September 1985, the Plainview Police Department received a report that some people were on top of a jewelry store in downtown

Plainview. Upon immediate investigation, the police discovered that Ziegler Music Company, Inc., a store next to the jewelry store, had been broken into and items therein had been removed. The police saw and talked to a "Spanish male" existing the alley behind the store on a bicycle, and saw a juvenile climbing off the roof of the building. The juvenile ran and eluded his capture by the police. Another juvenile, seen on the roof, escaped.

Several guitars and other items taken from, and identified by the owner of, the music company were found on the roof. Fingerprints found on some of the items were not R.R.'s prints. The police discovered tennis shoe tracks behind the building.

Officers Michael Carroll, a member of the criminal investigation division, and Lonnie Burton investigated the burglary. They took photographs of the scene, including the tracks behind the building, juveniles suspected of involvement in the burglary, and the bottom of their tennis shoes.

Three juveniles, including R.R., were located by a police officer at one of their houses several blocks from the scene of the burglary. They were asked, and voluntarily agreed, to accompany the officer to the police station to talk about the burglary, but R.R. refused to say anything. The next day R.R. was taken before a judge, read his rights, and questioned, but he would not give any type of statement.

In the evening of 1 October 1985, Tim King, a patrol officer, saw R.R. and "two other subjects" on a public street. Approximately an hour later, King saw R.R. and another individual and, so he testified, tried to "detain" them. Both ran, but were subsequently taken into custody and transported to the police station. King testified that R.R. was intoxicated from inhaling paint fumes to the degree that he was a danger to himself or others.

By his initial point of error, R.R. contends the court erred as a matter of law in finding him guilty of delinquent conduct upon the basis of intoxication which, by definition, does not constitute delinquent conduct. We agree.

As stated, the State alleged, and the court found, that R.R. did "appear to be intoxicated in a public place by the introduction of inhalants, to-wit: Paint sniffing to the degree that he might endanger himself or another." Apparently the allegation and finding were meant to designate the delinquent conduct defined in Section 51.03(a)(1) of the Texas Family Code Annotated (Vernon Pamp.Supp.1986), as "conduct, other than a traffic offense, that violates: (1) a penal law of this state punishable by imprisonment or by confinement in jail," in view of the penal law that provides:

(a) An individual commits an offense if the individual appears in a public place under the influence of alcohol or any other substance, to the degree that the individual may endanger himself or another.

Tex.Penal Code Ann. § 42.08(a) (Vernon Supp.1986).

As a threshold matter, we observe that, contrary to the State's allegation and the court's finding, it is neither an offense nor delinquent conduct for one to "appear to be intoxicated in a public place;" it is an offense only if one "appears in a public place" intoxicated. But, beyond that, public intoxication is a Class C misdemeanor offense. Tex.Penal Code Ann. § 42.08(h) (Vernon Supp.1986). The punishment prescribed for a Class C misdemeanor is a fine not to exceed $200. Tex. Penal Code Ann. § 12.23 (Vernon 1974). Thus, public intoxication does not involve a violation of a penal law "punishable by imprisonment or by confinement in jail," and so, it cannot constitute delinquent conduct as that term is defined.

Consequently, R.R.'s first point must be, and it is, sustained. The sustention renders unnecessary the consideration of his subpoint by which he challenges the legal and factual sufficiency of the evidence to sustain the finding of delinquent conduct by reason of intoxication.

With his second point, R.R. challenges the legal and the factual sufficiency of the evidence to support the court's adjudication

that he engaged in delinquent conduct, and its disposition of him as a delinquent, upon the basis of his being involved in a burglary of a building. We sustain the "no evidence" portion of the point without reaching the factual insufficiency portion of it.

▆▆▆ The elements of burglary of a building with intent to commit theft, which the court found R.R. committed, are (1) a person (2) without the effective consent of the owner (3) enters a building, not then open to the public, (4) with intent to commit theft. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974); *Escamilla v. State*, 612 S.W.2d 608 (Tex.Cr.App.1981). However, the evidence bearing on R.R.'s involvement in the burglary, viewed in the light most favorable to the court's adjudication, shows no more than the tennis shoe tracks or prints found in the dirt behind the building matched the pattern on the soles of R.R.'s tennis shoes. Assuming *arguendo* that R.R. made the prints behind the building on the night of the burglary, the evidence only shows that he was present at the scene of the burglary.

It is axiomatic that the mere presence of one at the scene of the offense is insufficient to prove that he committed the offense charged. *Burns v. State*, 676 S.W.2d 118, 120 (Tex.Cr.App.1984). Then, considering only the evidence and inferences tending to support the court's delinquent conduct finding to the exclusion of all evidence and inferences to the contrary, as we are required to do in passing on the no evidence challenge, *Schiesser v. State*, 544 S.W.2d 373, 377–78 (Tex.1976); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965), we must hold there is no evidence to support the court's adjudication that R.R. was engaged in delinquent conduct by reason of the burglary.

▆▆▆ By his third point, R.R. contends there is no evidence or insufficient evidence to support the court's adjudication that he engaged in delinquent conduct, and its disposition of him as a delinquent, by evading the police officer(s) who were attempting to detain him. We agree that the evidence of R.R.'s fleeing from the officer(s) trying to detain him is no evidence of delinquent conduct.

The State's allegation, and the court's finding, that R.R. engaged in delinquent conduct when he, knowing the police officer(s) to be the peace officer(s), fled from the officer(s) attempting to lawfully *detain* him, is based upon Officer King's testimony. King approached R.R. and another juvenile and advised them that he "needed to talk with them," acknowledging that he was trying to *detain* them. R.R. ran, but he was apprehended by Officer Burton.

▆▆▆ By its definition, delinquent conduct is engaged in if the juvenile violates the penal law, punishable by confinement in jail, which makes it an offense to intentionally flee from a person he knows is a peace officer attempting to *arrest* him. Tex.Penal Code Ann. § 38.04(a) (Vernon 1974). However, the statute does not create a crime for fleeing from a peace officer attempting a detention. *Smith v. State*, 704 S.W.2d 791, 793 (Tex.App.—Amarillo 1985, pet'n pending). It follows that delinquent conduct, as defined, is not engaged in by one who acts noncriminally in fleeing from a known peace officer who is merely trying to detain him. We, therefore, sustain the no evidence portion of R.R.'s third point.

The sustention of R.R.'s as-a-matter-of-law and no evidence points requires a reversal of the court's adjudication and disposition judgments, and the rendition of the judgment the court should have rendered. Tex.R.Civ.Pro. 434. Under this record, the court should have found that R.R. did not engage in delinquent conduct for the reasons alleged by the State, and should have rendered judgment dismissing the case with prejudice. Tex.Fam.Code Ann. § 54.-03(g) (Vernon 1975).

Accordingly, the trial court's adjudication and disposition judgments are reversed and, since R.R. did not engage in delinquent conduct for the reasons alleged by the State, judgment is here rendered that the trial court case be, and it is hereby, dismissed with prejudice.