**Edward Earl WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–86–163–CR.**

Court of Appeals of Texas, Fort Worth.

May 14, 1987.

Rehearing Denied June 18, 1987.

---

464

Law Office of Don E. Peavy P.C. and Don E. Peavy, Sr., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and William H. Ray, Asst. Dist. Atty., Fort Worth, for the State.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Edward Earl Williams, appeals from his conviction for burglary. *See* TEX.PENAL CODE ANN. sec. 30.02(a)(3) (Vernon 1974). On the basis of enhancement paragraphs contained in the indictment, the jury assessed a 35 year sentence against appellant. *See* TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp. 1987).

We affirm appellant's conviction.

On appeal, appellant presents two points of error. First, he complains of the suffi-

ciency of the evidence underlying his conviction. Second, appellant maintains the trial court erred by refusing to charge the jury on incorrigibility during the punishment phase of the trial.

Before addressing appellant's points of error, we will briefly describe the events surrounding his arrest. Between 12:30 a.m. and 1:00 a.m., on November 18, 1985, Fort Worth Police Officer Trina Fortner responded to a silent alarm call at a self-service gas station. At trial, Officer Fortner testified that upon arriving at the business, she observed someone inside the station. She further related she saw this individual take an object from under the store's counter and place it in his waistband. According to Fortner, the man then opened the station's front door and started to run out of the building. At that point, Fortner trained her gun on the suspect and ordered him to freeze. The man fell onto the pavement. Officer Fortner identified appellant in court as the same man she apprehended at the crime scene.

As we previously mentioned, appellant's first point of error challenges the sufficiency of the evidence. More specifically, appellant argues the State failed to prove beyond a reasonable doubt that he had entered the station to commit theft or attempt to do so, because it did not prove the items found in his possession at the time of his arrest had been taken from the burglarized building.

In reviewing the sufficiency of the evidence in either a direct or circumstantial evidence case, we must view the evidence in the light most favorable to the prosecution and consider whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App. 1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g). A conviction cannot be sustained if the evidence leaves any reasonable doubt as to the guilt of the accused. *Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 572–73 (1979). Thus,

it follows that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Jackson,* 672 S.W.2d at 803.

The elements of proof for burglary of a building are: 1) a person; 2) without the effective consent of the owner; 3) enters a building not then open to the public; 4) with the intent to commit a felony or theft. *Escamilla v. State,* 612 S.W.2d 608 (Tex.Crim.App.1981); *Johnson v. State,* 665 S.W.2d 554, 556 (Tex.App.—Houston [1st Dist.] 1984, no pet.). The intent to commit theft may be inferred from the circumstances. *Mauldin v. State,* 628 S.W.2d 793, 795 (Tex.Crim.App.1982); *Clark v. State,* 543 S.W.2d 125, 127 (Tex. Crim.App.1976). Moreover, in reviewing the sufficiency of the evidence on appeal, it can be presumed an entry made without consent in the nighttime was made with the intent to commit theft. *See Browning v. State,* 720 S.W.2d 504, 506 (Tex.Crim.App. 1986); *see also Moss v. State,* 574 S.W.2d 542, 544 (Tex.Crim.App.1978); *Callahan v. State,* 502 S.W.2d 3, 5 (Tex.Crim.App.1973); *Macias v. State,* 704 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1986, no pet.).

The evidence presented at trial shows Officer Fortner apprehended appellant some time after 1:00 a.m. in the morning. Officer Lisa Ann Hayworth assisted Fortner in arresting appellant. Hayworth stated when she arrived at the scene, she saw appellant in a prone position on the parking lot. Hayworth testified a tire tool or crowbar and a bank bag were on the ground near appellant's head.

Hayworth further related that as she and Fortner were helping appellant up from the parking lot after handcuffing him, she heard the sound of metal clanging on the ground. According to Hayworth, both she and Fortner looked down and observed a handgun laying on the parking lot.

Officer Raymond Dale Wilson, Jr. also answered the call at the service station. He testified he arrived just as the other two officers were handcuffing appellant.

Wilson said he, too, noticed the gun when the policewomen lifted appellant from the ground. At trial, Wilson and Fortner identified the gun and money bag as the same ones they had seen on the night of the offense.

Gerald Gray, an officer assigned to the police department's crime scene search unit, also took the stand. He told the jury he saw a gun, money bag, and crowbar laying in the front driveway when he first arrived at the burglary location. Gray added he discovered pry marks around the lock and latch of the door to the service station when he investigated the building.

The owner of the burglarized structure, Charles Wyche, testified he examined the service station the night of the burglary to determine if anything was missing. This investigation revealed a .38 revolver and money bag were gone. Wyche identified the gun and bag the police had found near appellant on the night of the crime. According to Wyche, the bag was usually kept in a desk drawer inside the station and the revolver was ordinarily hanging from a nail underneath a shelf. Wyche stated he had not given appellant or anyone else permission to enter his station after it had closed for business on the night of the burglary.

On cross-examination, Wyche said he thought the bank bag belonged in his store, but conceded he did not know for sure. We do not find this slight apprehension by Wyche dispositive, in light of all the other evidence presented to the jury. Given Wyche's account of the missing items and the officers' collective testimony regarding the gun, bag, and crowbar, it was reasonable for the jury to find appellant had taken the revolver and money bag from the service station. Furthermore, appellant's entry into the building at night without Wyche's consent sufficiently establishes his intent to commit theft. *Macias*, 704 S.W.2d at 486.

■ We find sufficient evidence exists from which the jury could have reasonably inferred appellant's intent to commit theft. Therefore, we overrule appellant's first point of error.

In his second point of error, appellant alleges the trial court erred in failing to submit to the jury his requested instruction on incorrigibility during the punishment phase of the trial. Appellant received a 35 year sentence, based on the jury's findings that the allegations in the three enhancement paragraphs contained in the indictment and repeated in the charge were true.

The court's charge instructed the panel that if it found the allegations in two of the three enhancement paragraphs were true, it had to sentence appellant to a term of 25 to 99 years or life. The charge also informed the jury of the applicable sentence ranges in the event they found only one enhancement paragraph was true or that all three of the enhancement paragraphs were not true. The court instructed the jury in this manner because appellant's prior convictions subjected him to the provisions of section 12.42(d) of the Penal Code. That section states:

> If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1987).

■ Appellant argues section 12.42(d) creates a presumption that persons who have been previously convicted of a felony are incorrigible. According to appellant, such a presumption violates the 14th amendment's proscription against irrebuttable presumptions. Appellant further maintains the creation of the presumption triggers the application of section 2.05 of the Penal Code. That section states if the Penal Code or another penal law establishes a presumption with respect to any fact, the issue of the existence of the presumed fact must be submitted to the jury if raised by sufficient evidence. *See* TEX.PENAL

CODE ANN. sec. 2.05(1) (Vernon Supp. 1987).

Appellant claims section 2.05 required the submission of the following requested jury instruction at the punishment phase of his trial:

The laws of the State of Texas set up the presumption that persons convicted of a felony offense and who have twice before been convicted of a felony offense are incorrigible. If, however, you find that the Defendant Edward Earl Williams is not incorrigible, then in that event, you may assess the punishment of the Defendant Edward Earl Williams at confinement in the Texas Department of Corrections at not more than 20 years, nor less than 2 years. In addition, you may assess a fine not to exceed $10,000.

In support of his contention that the jury should have been so instructed, appellant refers us to two cases. They hold that the court must charge the jury on every defensive issue raised by the evidence, upon a proper request to do so. *See Green v. State*, 566 S.W.2d 578, 584 (Tex.Crim.App. 1978); *McKenzie v. State*, 521 S.W.2d 637, 639 (Tex.Crim.App.1975).

We do not dispute the validity of this principle. Appellant, though, has not cited any authority which holds that evidence that a defendant is not incorrigible amounts to a valid defensive theory. Our research has not revealed any cases where a defendant facing sentencing under the habitual offender statute, section 12.42, presented evidence of his prospects for rehabilitation, then asked for and received an instruction on incorrigibility. Nor have we found any precedent to support appellant's argument that the punishment provisions contained in section 12.42 of the Penal Code inherently presume repeat felons are incorrigible. Accordingly, we overrule appellant's second point of error.

The judgment of the trial court is affirmed.